914 F.2d 1492
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Bert FISHER, Defendant-Appellant.
 No. 89-5223.
 United States Court of Appeals, Fourth Circuit.
 Argued May 11, 1990.
Decided Sept. 25, 1990.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Robert J. Staker, District Judge. (CR-89-146-3).
 Edward H. Weis, Assistant Federal Public Defender, Charleston, W.V., argued for Appellant.
 Paul Arthur Billups, Assistant United States Attorney, Huntington, W.V., argued for Appellee; Michael W. Carey, United States Attorney, Charleston, W.V., on brief.
 S.D.W.Va.
 AFFIRMED.
 Before K.K. HALL and CHAPMAN, Circuit Judges, and DUPREE, Senior United States District Judge for the Eastern District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 John Bert Fisher appeals from the sentence imposed under the Sentencing Guidelines for his conviction pursuant to his guilty plea on one count of distribution of morphine, in violation of 18 U.S.C. Secs. 841(a) and 2. Finding no error, we affirm.
 
 
 2
 * On June 2, 1989, Fisher was arrested and later charged in a single count information with the distribution of morphine. This offense occurred while Fisher was serving a ten-year state sentence at a work release center operated by the West Virginia Department of Corrections. From the time of his arrest for the federal drug law violation through September 25, 1989, the date of sentencing by the district court, Fisher remained in continuous federal custody.
 
 
 3
 The presentence report determined that Fisher's Guidelines range was 210-262 months,[1] and neither party to this appeal disputes this figure. Fisher, however, argued that he should receive a downward departure for a variety of reasons: he was never guilty of actual violence with regard to his prior crimes; he had a number of ill relatives for whom he cared; he was 60 years old and had his own health problems; and he procured the morphine for a cancer-stricken friend. The court agreed that Fisher's age constituted grounds for a downward departure[2] and initially announced a sentence of 150 months imprisonment, to be served consecutively to the unexpired ten-year state sentence which Fisher was serving when he was arrested on the federal charge.
 
 
 4
 After announcing this sentence from the bench, the district court judge inquired of counsel regarding Fisher's current custodial status. Defense counsel responded that Fisher had been in federal custody since his arrest some months earlier, and, further, that the state Department of Corrections had done nothing to regain custody. The Assistant United States Attorney added that the court was correct in its belief that "[n]obody knows what the state is going to do...." The district judge then responded that "I suspect they [the West Virginia Department of Corrections] will do nothing [about regaining custody]." Concerned that the state authorities would fail to require Fisher to serve the remainder of his state sentence, the court decreased the extent of the departure and changed the sentence to one of 160 months; this sentence was also to be served consecutively to the state sentence. Fisher appeals.
 
 II
 
 5
 Fisher's sole contention on appeal is that the decrease in the extent of the originally announced departure was unjustified under the Guidelines because it was based on speculation. Specifically, Fisher argues that, once the decision to depart has been made and a definite sentence is announced from the bench, the court may not "increase" this sentence without more reliable evidence of what the state authorities might or might not do with regard to the unfinished portion of the state sentence. We are of the opinion, however, that the sentencing court committed no error in considering the state's probable intention and in changing the sentence as it did.
 
 
 6
 Fisher concedes that the state's intention was a relevant factor which could have been properly considered.[3] His objection goes only to the reliability of the evidence of this practice. As a factual question, we review the issue under a "clearly erroneous" standard. United States v. Vinson, 886 F.2d 740, 742 (4th Cir.1989), cert. denied, 110 S.Ct. 878 (1990).
 
 
 7
 The Commentary to U.S.S.G. Sec. 6A1.3 states that a sentencing court may consider "any information ... so long as it has 'sufficient indicia of reliability to support its probable accuracy.' " (Citations omitted.) Here the sentencing court was presented with the undisputed facts that a state inmate was arrested by federal authorities and that no effort was made by the state authorities over an almost four-month period to insure his return.[4] Moreover, Fisher failed to voice any protest whatsoever during the sentencing hearing. In any event, the essence of Fisher's complaint is that he merely disagrees with the inference drawn by the court on the basis of the information before the court. This does not rise to the level of clear error, and we affirm.
 
 AFFIRMED
 
 
 [1]
 Fisher was sentenced as a career criminal. U.S.S.G. Sec. 4B1.1
 
 
 [2]
 The government did not cross-appeal from the departure decision, despite authority that age alone is generally not a valid basis for departure. U.S.S.G. Sec. 5H1.1; see e.g., United States v. Summers, 893 F.2d 63, 68-69 (4th Cir.1990)
 
 
 [3]
 The November 1, 1989, amendment of U.S.S.G. Sec. 5G1.3 (U.S.S.G.App. C, amendment 289) provides additional support for the proposition that the length of an unexpired state sentence is a relevant factor in the determination of the federal sentence
 
 
 [4]
 The conclusion that the state authorities would "do nothing" about requiring Fisher to serve the remainder of his bank robbery sentence is not an unreasonable one. If Fisher serves the 160-month federal sentence first, he will be over 70 years old when he completes the sentence. Additionally, West Virginia, like many other states, is experiencing a severe prison overcrowding problem. See generally Tasker v. Moore, 798 F.Supp. 1005 (S.D.W.Va.1990) (discussing a state court's order directing prison officials to release inmates in order to comply with a court-imposed population cap at a state prison)